IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,           )
                                     )
            Petitioner,              )
                                     )
v.                                   )   Civil No.
                                     )   04MBD 10146
SADLER FINANCIAL GROUP, LTD.,        )
                                     )
            Respondent.              )

PETITION TO ENFORCE INTERNAL REVENUE SERVICE SUMMONS

The United States of America, by its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, shows unto this court as follows:

1. This proceeding is brought pursuant to 26 U.S.C. §§ 7402(b) and 7604(a), to judicially enforce an Internal Revenue Service ("IRS") Summons.

2. Jurisdiction is conferred upon the court pursuant to the provisions of 26 U.S.C. §§ 7402(b) and 7604(a), and 28 U.S.C. §§ 1340 and 1345.

3. Scott McLeod is a Special Agent in the Criminal Investigation Division of the Internal Revenue Service, and is authorized to utilize IRS Summonses issued under the authority of 26 U.S.C. §7602; Treasury Regulations § 301.7602-1, 26 C.F.R. § 301.7602-1; IRS Delegation Order No. 4 (as revised).

4. Sadler Financial Group, Ltd., has a place of business at 116 Long Pond Road, Suite 7, Plymouth, Massachusetts 02360, within the jurisdiction of this Court.

5. Special Agent McLeod is conducting an investigation of Faye M. Hogeland, the taxpayer, for the taxable years 1997 through 2001.

6. The purposes of the investigation are, for the years under investigation, to verify the correctness of the taxpayer's federal income tax returns, to determine her correct income tax liabilities, and to ascertain whether the taxpayer has committed any offense connected with the administration or enforcement of the internal revenue laws.

7. Sadler Financial assisted in the preparation of the 1999 Form 1120S "U.S. Income Tax Return for an S Corporation," for the Nail Sculptress, Inc., a corporation operated by Faye Hogeland, and may have assisted with the preparation of returns for other years for Ms. Hogeland.

8. There is no "Justice Department referral," as that term is described in Section 7602(c) of the Internal Revenue Code, in effect with respect to the taxpayer, Faye Hogeland, for the taxable years 1997 through 2001.

9. On February 10, 2003, Special Agent McLeod issued an IRS Summons to the Custodian of Records, Sadler Financial Group, Ltd., directing the respondent to appear before him on March 14, 2003, at 10 a.m., to testify and to produce books, records, and documents, all as set forth in the attached declaration and summons, marked as Exhibits A and B, respectively.

10. An attested copy of the summons was served on the respondent as is indicated in the Certificate of Service on the reverse side of the summons. (See Exhibit B).

11. In response to the summons, Mr. Sadler indicated that Sadler Financial Group, Ltd. would not comply with the terms of the summons. He stated that he was concerned that Ms. Hogeland might sue if the documents were produced without a court order. The summonsed records were not produced by the respondent. The

respondent's failure to produce all of the books, papers, records, and data sought by the summons continues to the date of this petition.

12. The testimony and other data sought by the summons are not already in the possession of the Internal Revenue Service.

13. The testimony and other data demanded by the summons are necessary for the determination of the correct federal tax liabilities of Faye Hogeland for the years 1997 through 2001, as is evidenced by the attached declaration of Special Agent McLeod, attached hereto as Exhibit A and incorporated in this petition by reference.

14. The testimony and other data demanded by the summons relate to the liabilities under investigation, and might shed light on the correctness of the taxpayer's federal income tax returns, her correct tax liabilities, or her commission of any offense connected with the enforcement or administration of the internal revenue laws.

15. All procedures required by the Internal Revenue Code, as amended, have been followed with respect to the issuance of the summons.

WHEREFORE, the petitioner requests:

1. That this Court enter an Order directing the respondent, to show cause, if any, why it should not comply with and obey the summons issued upon it and each and every requirement thereof;

2. That this Court enter an Order directing the respondent to obey the summons served upon it, and each and every requirement thereof, and ordering its attendance and testimony and the production of books, records, documents, and other data as required by the terms of the

summons, before Special Agent McLeod (or any authorized IRS agent) to testify and produce the documents and records set forth in the summons, at a time and place to be fixed by Special Agent McLeod (or any authorized IRS agent), or by this Court;

3. That this Court grant the United States its costs in maintaining this action; and

4. That this Court render such other relief as this Court may deem just and proper.

MICHAEL J. SULLIVAN
United States Attorney

BARBARA HEALY SMITH
Assistant United States Attorney

*Lydia D. Bottome*
LYDIA D. BOTTOME
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6560