IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil No. |
| | ) | |
| SADLER FINANCIAL GROUP, LTD., | ) | **04** MBD **10146** |
| | ) | |
| Respondent. | ) | |

DECLARATION OF SPECIAL AGENT SCOTT MCLEOD

Scott McLeod, pursuant to the provisions of 28 U.S.C. § 1746, says that:

1.      I am a duly commissioned Special Agent of the Criminal Investigation Division of

the Internal Revenue Service with a post of duty in Boston, Massachusetts.

2.      In my capacity as a Special Agent, I was assigned to conduct an investigation

relating to the federal income tax liabilities of Faye M. Hogeland, the taxpayer, for the taxable

years ending December 31, 1997 through December 31, 2001, inclusive.

3.      The purposes of the investigation are, for the years under investigation, to verify

the correctness of the taxpayer's federal income tax returns, to determine her correct income tax

liabilities, and to ascertain whether the taxpayer has committed any offense connected with the

administration or enforcement of the internal revenue laws.

4.      I am authorized to utilize Internal Revenue Service summonses issued under the

authority of Section 7602 of the Internal Revenue Code, 26 U.S.C., Section 7602 and Treasury

Regulations, Section 301.7602-1; IRS Delegation Order No. 4 (as revised).



5.    There is no "Justice Department referral," as that term is described in Section 7602(c) of the Internal Revenue Code, in effect with respect to the taxpayer for the years under investigation.

6.    Prior to 1999, Faye Hogeland operated The Nail Sculptress, Inc. as a sole proprietorship. Since 1999, Faye Hogeland has operated The Nail Sculptress Inc., as a Subchapter S Corporation, but failed to report any of the income reported by The Nail Sculptress Inc. on its corporate tax returns as flow through income on her individual tax returns for the years 1999, 2000, and 2001.

7.    Sadler Financial Group, Ltd., a corporation, may have records pertaining to Ms. Hogeland and/or The Nail Sculptress, Inc., as Sadler Financial assisted in the preparation of the 1999 Form 1120S "U.S. Income Tax Return for an S Corporation," and may have assisted with the preparation of returns for other years.

8.    In furtherance of this investigation and in accordance with 26 U.S.C. § 7602, I issued a Form 2039 Summons to Custodian of Records, Sadler Financial Group, Ltd., the respondent, for records relating to Faye M. Hogeland and The Nail Sculptress, Inc. The summons directed the respondent to appear before me on February 26, 2003, to give testimony and to produce books, records, documents and other data. The original summons is attached to the petition as Exhibit 1.

9.    In accordance with 26 U.S.C. § 7603, on February 10, 2003, I served an attested copy of the Internal Revenue Service Summons described in paragraph 8, above, on the respondent by hand delivering the summons directly to Russell Sadler as custodian of records for Sadler Financial Group, Ltd.

10.     In response to the summons, on the advice of an attorney, Mr. Sadler indicated to me that Sadler Financial Group, Ltd. would not comply with the terms of the summons. He stated to me that he was concerned that Mrs. Hogeland might sue if the documents were produced without a court order. The summonsed records were not produced by the respondent.

11.     The respondent's failure to submit all of the books, papers, records, and data sought by the summons continues to the date of this declaration.

12.     The Internal Revenue Service is not in possession of the summonsed documents.

13.     It is necessary to examine properly the books, papers, records and other data sought by the Summonses, in order to complete the investigation of Faye Hogeland for the income tax years ended December 31, 1997 through December 31, 2001.

14.     All procedures required by the Internal Revenue Code were followed with respect to this summons.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this ___7 ṪH___ Day of April, 2004.

_____
SCOTT M°LEOD
Special Agent
Criminal Investigation Division
Internal Revenue Service